**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5121**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MAYO LEVORD PICKENS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Anderson. Henry F. Floyd, District Judge.
(8:07-cr-00960-HFF-1)

_____

Submitted: January 30, 2012            Decided: May 8, 2012

_____

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded for resentencing
by unpublished per curiam opinion.

_____

Kenneth C. Gibson, Greenville, South Carolina, for Appellant.
Leesa Washington, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mayo Levord Pickens appeals his convictions and the 292-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006) and 21 U.S.C. § 846 (2006), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006). Pickens's counsel initially filed his brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there were no nonfrivolous issues for appeal but asking this court to consider whether the district court: (1) erred in conducting Pickens's Fed. R. Crim. P. 11 plea hearing; (2) abused its discretion in denying Pickens's motion to withdraw his guilty plea; and (3) imposed a reasonable sentence. Pickens filed a pro se supplemental brief in which he asserted the Government breached the plea agreement.

After conducting our Anders review of the record, we identified three nonfrivolous issues: (1) whether the district court erred in denying the additional one-level reduction for acceptance of responsibility advocated for by the Government, see U.S. Sentencing Guidelines Manual § 3E1.1(b) (2007); (2) the adequacy of the district court's analysis of the 18 U.S.C. § 3553(a) (2006) sentencing factors and its concomitant explanation for Pickens's sentence; and (3) whether the

2

Government breached the plea agreement by deferring to the probation officer's presentence report as to a drug quantity higher than that stipulated in the plea agreement and, if so, whether the district court's failure to notice this breach constituted plain error. We directed the parties to file merits briefs addressing these issues.

In his merits brief, Pickens's attorney asked this court to vacate Pickens's sentence and remand this case to the district court for resentencing. The Government did not file a merits brief, electing instead to move to remand this case for resentencing. According to the motion, counsel for Pickens does not object to the remand. For the reasons that follow, we affirm Pickens's convictions as the issues raised in counsel's opening Anders brief lack merit, but we grant the Government's unopposed motion to remand, vacate Pickens's sentence, and remand this case to the district court for full resentencing.

Although counsel averred in his Anders brief that Pickens's plea colloquy was properly conducted, he nonetheless asked us to review the Rule 11 hearing for any reversible error. Based on our review of the record, we conclude the district court substantially complied with the requirements of Rule 11 in accepting Pickens's plea. Moreover, any omissions from the district court's Rule 11 colloquy do not amount to plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002) (holding that

3

challenge to denial of motion to withdraw guilty plea based on a ground not raised in district court is reviewed for plain error); see also United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (ruling that, to establish that a district court's non-compliance with Rule 11 affected substantial rights, a defendant bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea").

Counsel's Anders brief next questioned whether the district court abused its discretion in denying Pickens's motion to withdraw his guilty plea, but ultimately concluded there was no such abuse of discretion. We agree. Once the district court has accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); Battle, 499 F.3d at 319. "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

When considering whether to allow a defendant to withdraw a guilty plea, the trial court must conduct the six-

4

factor analysis announced in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Under Moore, a district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. Although all the factors in Moore should be given appropriate weight, the key to determining whether a motion to withdraw should be granted is whether the Rule 11 hearing was properly conducted. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003); United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Accordingly, this court closely scrutinizes the Rule 11 colloquy and, if the Rule 11 proceeding is adequate, we will attach "a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394.

As concluded earlier, the district court substantially complied with the mandates of Rule 11 in accepting Pickens's guilty plea. Therefore, the plea is presumed to be "final and binding." Id. Moreover, Pickens has failed to establish the existence of a "fair and just" reason for withdrawing the plea. See Fed. R. Crim. P. 11(d)(2)(B). We thus conclude that the

5

district court did not abuse its discretion in denying Pickens's motion to withdraw his guilty plea. See Ubakanma, 215 F.3d at 424-25.

Turning, finally, to Pickens's sentence, in light of Pickens's agreement with the Government's position that remand for resentencing is warranted, we grant the Government's motion to remand, vacate Pickens's sentence, and remand this case to the district court for a full resentencing hearing. On remand, the parties are free to raise arguments relevant to the three nonfrivolous issues we identified in our order directing supplemental briefing. However, should the parties pursue any of those issues at resentencing, nothing in this opinion should be construed as an indication of our view as to how the district court should rule on those issues. We leave that task to the district court in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED FOR RESENTENCING