**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4007**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MAYO LEVORD PICKENS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Timothy M. Cain, District Judge. (8:07-cr-00960-TMC-1)

Submitted:  October 25, 2013          Decided:  November 8, 2013

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth C. Gibson, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mayo Levord Pickens appeals from the amended criminal judgment imposed following our remand of his case to the district court for resentencing. See United States v. Pickens, 480 F. App'x 205 (4th Cir. 2012) (unpublished). At the resentencing hearing, Pickens raised only one argument: that the five-year statute of limitations on a defendant's ability to challenge the validity of a prior conviction used to enhance a federal sentence, see 21 U.S.C. § 851(e) (2012), should be excused, because Pickens intended to assert that his predicate conviction — a 1995 South Carolina conviction for possession with intent to distribute crack cocaine — was obtained in violation of his Sixth Amendment right to counsel. Pickens relied on the Supreme Court's decision in Custis v. United States, 511 U.S. 485 (1994), for support.

The district court declined to extend Custis in the manner advanced by Pickens and ruled that the five-year limitations period set forth in § 851(e) barred his challenge to the validity of the 1995 conviction. In the alternative, the court found that Pickens failed to overcome the presumption of regularity afforded his final, prior conviction. The court subsequently imposed the mandatory minimum term of 240 months' imprisonment and ten years' supervised release.

2

On appeal, Pickens asserts that the district court erred in rejecting the Custis-based challenge to the five-year limitations period. But given the dearth of controlling or even persuasive authority to support his argument, we disagree. See, e.g., United States v. Mason, 628 F.3d 123, 133 (4th Cir. 2010) (explaining that the defendant's challenge to use of prior convictions based on allegations that they were uncounseled was "likely barred by the statute of limitations in 21 U.S.C. § 851(e)," because those convictions "occurred more than five years before the government submitted its § 851 information in this case").

We further note our agreement with the district court's alternative rationale. There is a presumption of regularity afforded final criminal judgments, Parke v. Raley, 506 U.S. 20, 29 (1992), and a defendant who challenges a prior conviction used to enhance his sentence in a later offense bears the burden of showing that the prior conviction was invalid. United States v. Jones, 977 F.2d 105, 109-11 (4th Cir. 1992). To satisfy his burden, Pickens offered only his self-serving testimony on the issue. But absent more, we cannot conclude that the district court erred in rejecting Pickens' claim.

For the foregoing reasons, we affirm the district court's amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED